```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
MARY WEST and JENIE LEE MARIANI,                               :
on behalf of themselves and all others                         :
similarly situated,                                            :
                                                               :
                              Plaintiffs,                      :
                                                               :           MEMORANDUM OF DECISION
                      v.                                       :           18-CV-1743 (WFK) (RML)
                                                               :
METROPOLITAN TRANSPORTATION                                    :
AUTHORITY, NEW YORK CITY                                       :
TRANSIT AUTHORITY, and LONG                                    :
ISLAND RAIL ROAD COMPANY D/B/A MTA                             :
LONG ISLAND RAIL ROAD COMPANY,                                 :
                                                               :
                              Defendants.                      :
---------------------------------------------------------------X
```

**WILLIAM F. KUNTZ II, United States District Judge:** Plaintiffs Mary West and Jenie Lee Mariani bring this putative class action against Defendants Metropolitan Transportation Authority ("MTA"), New York City Transit Authority ("NYCTA"), and Long Island Rail Road Company ("LIRR," collectively, "Defendants") asserting common law negligence as well as claims brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. Ch. 126 § 12101, the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin Code §8-101, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 292. First Amended Complaint ("First Am. Compl."), ECF. No 15, ¶¶ 103–150. Defendants moved to dismiss the Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* Defs.' Motion to Dismiss, ECF No. 28; Defs.' Mem. in Supp. of Mot. to Dismiss (Defs.' Mem.), ECF No. 29. For the reasons that follow, Defendants' motion to dismiss is GRANTED in its entirety.

## BACKGROUND

This action is brought by Mary West, ("Plaintiff West"), a visually impaired Manhattan resident, and Jenie Lee Mariani ("Plaintiff Mariani," collectively, "Plaintiffs"), a resident of Elmont, New York on behalf of a class of similarly situated individuals. First Am. Compl. ¶¶ 16–17, 58, 67. Plaintiffs bring this action against the MTA, NYCTA, and LIRR. *Id.* ¶¶ 18, 20. Plaintiffs seek to represent a class of "[a]ll persons or entities in New York who paid to use the Transit System in New York during the applicable limitations period, and/or such subclasses as the Court may deem appropriate." *Id.* ¶ 87. Plaintiffs additionally seek to represent subclasses

consisting of (1) "[a]ll members who were injured due to the failure of Defendants to install platform barriers (the "Physical Injury Subclass")" and (2) "[a]ll class members who are visually impaired (the "Visually Impaired Subclass"). *Id.* ¶¶ 88–89.

Plaintiffs argue Defendants maintain train platforms that are "unreasonably unsafe" and "lack basic safety features that have been employed for decades on the train platforms of large- and mid-sized cities around the world." Pls.' Mem. in Opp. to Defs.' Motion to Dismiss ("Pls.' Mem.") at 1. Specifically, Plaintiffs argue the law requires Defendants to install safety barriers between the platform and the tracks (hereinafter, "platform barriers").[1] *Id.* Plaintiffs allege the lack of consistent platform barriers between the platform and the tracks has led to a number of instances in which riders have fallen or been pushed onto the subway tracks, and further, that the lack of platform barriers presents particular challenges for disabled and visually impaired passengers. *Id.*; First Am. Compl. ¶ 21.

In response, Defendants argue they are in compliance with Department of Transportation ("DOT") regulations. Defendants maintain the DOT is "exclusively" responsible for setting accessibility standards for public transportation facilities. Defs.' Mem. at 1. Defendants argue DOT regulations only require the MTA to install "platform edge warnings,"[2] which they have, but not the "platform barriers" the Plaintiffs desire.

On July 11, 2018, Plaintiffs filed the First Amended Complaint in this action. First Am. Compl. Plaintiffs assert federal claims under the ADA and Rehabilitation Act, claims sounding in common law negligence, as well as state law claims arising under the NYCHRL and the

---

[1] Plaintiffs claim Defendants must install either floor-to-ceiling glass barriers ("Platform Screen Doors") or chest-high barriers ("Automated Platform Gates"). First Am. Compl. ¶¶ 81–83.
[2] Defendants describe platform edge warnings as "two-foot wide 'tactile strips' to warn visually impaired customers of the platform edge" Defs.' Mem. At 3. Plaintiffs allege these strips are insufficient because they "do not orient visually impaired people regarding exactly how far from the edge they are or where the train door is." First Am. Compl. ¶ 5.

2

NYSHRL. First Am. Compl. ¶¶ 103–150. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over Plaintiffs' state and local law claims pursuant to 28 U.S.C. § 1367.

On September 17, 2018, Defendants filed the instant motion to dismiss. ECF. No. 26. On October 1, 2018, Plaintiffs filed their response, ECF. No. 34, and on October 15, 2018, Defendants filed their reply, ECF. No. 33. On December 12, 2019, this Court entered a decision and order granting Defendants' motion to dismiss in its entirety. ECF. No. 38. The Court writes now to provide the reasoning for its decision.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). In applying this standard, the Court is guided by "[t]wo working principles." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). First, the Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam) (citations omitted). However, the Court need not credit "legal conclusions" in a claim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 678) (internal quotations and alteration omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679) (internal quotations omitted).

3

## DISCUSSION

### I.   ADA and Rehabilitation Act Claims

The Court first turns to the question of whether Plaintiffs have adequately alleged violations of the ADA or the Rehabilitation Act, as without these claims, federal jurisdiction is in jeopardy.

Title II of the ADA requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act requires that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). The Second Circuit "treat[s] claims under the two statutes identically." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

To assert a claim under either statute, plaintiffs must demonstrate: (1) they are qualified individuals with a disability; (2) the defendant is subject to the Act; and (3) the plaintiffs were "denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or [were] otherwise discriminated against by the defendant because of their disability." *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

Here, the parties do not dispute that Plaintiffs are qualified individuals within the meaning of the ADA or that Defendants are subject to the Act. Instead, the parties primarily disagree as to whether Plaintiffs' Title II discrimination claim is foreclosed by federal DOT

4

regulations implementing the statutory requirement that relevant transportation vehicles be readily accessible for the disabled.

The ADA is implemented through regulations issued by the DOT and the Department of Justice setting forth detailed instructions to entities regarding compliance. Because the DOT's vehicle accessibility regulations do not require the installation of platform barriers, Defendants contend they cannot be required to install platform barriers under Title II. In response, Plaintiffs argue even if subway platforms are compliant with the DOT's accessibility regulations, Defendants may still be held liable under Title II's general discrimination provision, 42 U.S.C. § 12132, for failing to make reasonable modifications to subway platforms.

Title II "covers discrimination in the provision of public services and is divided into Parts A and B." *Abrahams v. MTA Long Island Bus*, 644 F.3d 110, 115 (2d Cir. 2011). Part A applies to public entities generally, and part B "specifically governs the provision of public transportation services." *Id.* at 115; *see also* 42 U.S.C. §§ 12141–12150. The Secretary of Transportation is exclusively empowered to promulgate regulations implementing Part B, including "standards applicable to facilities and vehicles." 42 U.S.C. § 12149; *see also Presmarita v. Metro-North Commuter R.R. Oc.*, 17-CV-1118, 2017 WL 6542515, at *3 (S.D.N.Y. Dec 21, 2017) (Forrest, J.) (citation omitted).

Appendix D of the DOT's implementing regulations instruct public transportation providers on how to implement the ADA. The relevant regulations read as follows:

> "810.5.2 Detectable Warnings. Platform boarding edges not protected by platform screens or guards shall have detectable warnings complying with 705 along the full length of the public use area of the platform."
>
> 36 C.F.R. § 1191, App. D at 810.5.2.

> "705.2 Platform Edges. Detectable warning surfaces at platform boarding edges shall be 24 inches (610 mm) wide and shall extend the full length of the public use areas of the platform."

*Id.* At 705.2.

This Court finds the ADA does not require Defendants to erect the platform barriers the Plaintiffs demand. Compliance with DOT's implementing regulations is sufficient to comply with the ADA. *DeJesus v. Metro. Transportation Auth.*, 17-CV-7054, 2019 WL 1059971, at *3 (S.D.N.Y. Mar. 6, 2019) (Swain, J.) (holding "[t]he text and regulatory structure of Title II support Defendants' argument that compliance with DOT regulations is sufficient to satisfy their Title II obligations with respect to rail vehicle accessibility, precluding a discrimination or reasonable accommodation claim based on lack of additional system-wide equipment"). By empowering DOT to develop accessibility guidelines for public transportation providers, Congress indicated compliance with those guidelines would be sufficient to ensure transit facilities are accessible, and thus nondiscriminatory, under Title II. *See George v. Bay Area Rapid Transit*, 577 F.3d 1005, 1012–13 (9th Cir. 2009) (holding compliance with DOT regulations satisfied transit authority's obligations to make transit facilities accessible under Title II); *Savage v. South Florida Reg'l Transp. Auth.*, 2012 WL 12895508, at *5–7 (S.D. Fla. Oct. 30, 2012) (same).

The relevant regulation contemplates platform "edges." Specifically, the regulation reads, "[p]latform boarding edges not protected by platform screens or guards shall have detectible warnings." 36 C.F.R. § 1191, App. D at 810.5.2. This regulation does not require platform barriers. Instead, it specifically requires Defendants to install "detectable warning surfaces at platform edges" that are two feet wide and extend the full length of the platform. *Id.*

at 705.2.  Defendants are in compliance, having installed detectable warning surfaces on platform edges across the transit system.  Because Defendants have complied with DOT's regulation, they have complied with Title II.

Further, Plaintiffs are foreclosed from asserting their claims under a reasonable modification theory.  "To permit Plaintiff[s] to assert [their] claim under a reasonable modification theory would allow any person to file an action contending that in the opinion of this particular plaintiff, a design feature ought to have been included, even though Congress has recognized that courts are ill-equipped to evaluate such claims and make what amounts to engineering, architectural, and policy determinations as to whether a particular design feature is feasible and desirable."  *DeJesus*, 2019 WL 1059971, at *4 (S.D.N.Y. Mar. 6, 2019) (internal quotations omitted).  Because Congress intended compliance with DOT regulations would be sufficient to satisfy a public transit entity's Title II obligations, and because DOT's regulations do not require the installation of platform barriers, Plaintiff's ADA and Rehabilitation Act claims must be dismissed.

## II.     CAFA and Supplemental Jurisdiction over State and City Law Claims

Having dismissed the ADA and Rehabilitation Act claims, this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims.  28 U.S. § 1367(c)(3); *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 ("[I]in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims.") (citation omitted).

Plaintiffs assert, notwithstanding the dismissal of their federal ADA and Rehabilitation Act claims, the Court may retain jurisdiction of their state and city law claims under the Class Action Fairness Act ("CAFA"). CAFA grants the federal courts original jurisdiction of any class action involving "(1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, i.e., where at least one plaintiff and one defendant are citizens of different states." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006); 28 U.S.C. § 1332(d)(2), (5)(b), (6). However, CAFA instructs district courts to decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (referring to the "home state exception").

Defendants argue the allegations in the First Amended Complaint are insufficient to establish the predicates for exercise of CAFA jurisdiction. Specifically, Defendants, who are all New York residents assert, "nearly all users of the Long Island Rail Road, and a large majority of users of the New York City subway are New York Residents," noting "[i]n particular, members of the proposed visually impaired subclass are almost entirely New York Residents." Defs.' Mem at 9 (citing Decl. of Brian Saltz). Plaintiffs assert tourists make up a large share of subway passengers, including visually impaired passengers. Pls.' Mem. at 24. Even accepting Plaintiffs' representation as true, the Court agrees with Defendants that it would be unreasonable to infer from the tourism figures that tourists make up more than one-third of the proposed class. *Commisso v. PricewaterhouseCoopers LLP*, 11-CV-5713, 2012 WL 3070217, at *4 (S.D.N.Y. July 27, 2012) (Buchwald, J.) (holding the Court may make "reasonable assumptions

8

about the makeup of the putative class"). Accordingly, the Court finds it must decline to exercise CAFA jurisdiction over Plaintiffs' state and city law claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the First Amended Complaint is GRANTED, and Plaintiffs' claims under the Americans With Disabilities Act and the Rehabilitation Act are DISMISSED. To the extent that Plaintiff asserts state and city law claims, the Court finds no basis for the exercise of CAFA jurisdiction and declines, pursuant to 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over those claims. Accordingly, Plaintiffs state and city law claims are also DISMISSED.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2021
      Brooklyn, New York